IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGELA FINGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| BILFINGER INC., | ) ) ) |
| Defendant. | ) ) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Bilfinger Inc.[1] hereby removes this case from the District Court of Washington County, Nebraska, to this Court. Defendant Bilfinger Inc. states the following in support of this Notice of Removal:

**I.     THE STATE COURT ACTION**

1.     The above-entitled action, now pending in the District Court of Washington County Nebraska, is a civil action alleging violations of Title VII of the Civil Rights Act of 1964 as Amended ("Title VII"), Nebraska Fair Employment Practices Act ("NEFEPA"), 42 U.S.C. § 1981, and Nebraska Common Law.

2.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant is attached hereto as Exhibit A, and the Complaint is contained therein.

3.     Plaintiff filed her Complaint on March 21, 2021. The state court action is styled *Angela Finger v. Bilfinger Inc.*, bearing Cause No. CI 21-58.

---

[1] Plaintiff was employed by Bilfinger Westcon Inc., which became Bilfinger Inc. in January of 2020. *See* Declaration of _____ ("____ Decl."), attached as Exhibit B, at ¶ 5.

4. Defendant was served with a civil summons and a copy of the Complaint through its registered agent on March 29, 2021. See Exhibit A. Thus, this Notice of Removal has been timely filed within 30 days as required by 28 U.S.C § 1446(b).

## II. JURISDICTION AND VENUE

5. Venue is proper in this Court because this case was originally filed in the District Court of Washington County, Nebraska, which lies within this judicial district. 28 U.S.C. §§ 107, 1446(a).

6. This matter is subject to removal pursuant to 28 U.S.C. § 1331 (federal question) and § 1332 (diversity jurisdiction).

## III. FEDERAL QUESTION

7. This Court possesses original jurisdiction over Plaintiff's Complaint because Counts I, III, IV, VII, IX, and X allege violations of United States law. 28 U.S.C. § 1331. Specifically, Plaintiff alleges violations of Title VII in Counts I, III, IV, VII, and X and 42 U.S.C. § 1981 in Count IX. *See* Exhibit A, Complaint.

8. District Courts of the United States have jurisdiction over civil actions brought pursuant to the Title VII and 42 U.S.C. § 1981. 29 U.S.C. § 216(b). Thus, Plaintiff's claims alleging violation of federal statutes are within this Court's federal question jurisdiction. 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1331, an action within this Court's federal question jurisdiction is removable without regard to the citizenship or residence of the parties.

9. Pursuant to 28 U.S.C. §§ 1367(a), this Court possesses supplemental jurisdiction over Counts II, IV, VI, VIII, and XI, (alleging violations of the NEFEPA) and Count XII (alleging violations of Nebraska common law). Supplemental jurisdiction exists as to Plaintiff's state law claims because they "derive from a common nucleus of operative fact," and they are so linked to

the federal claim that a plaintiff ordinarily would be expected to try them all in a single judicial proceeding. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S. Ct. 1130, 1138 (1966). Here, Plaintiff's state claims are substantially related to her federal Title VII and 42 U.S.C. § 1981 claims because they derive from the same core alleged factual issues – Plaintiff's employment with Defendant and the end of her employment with Defendant.

10. Additionally, in *Jackson v. Morris Comm'ns Corp.*, 265 Neb. 423, 657 N.W.2d 634 (2003), Nebraska's Supreme Court first recognized a public policy exception to Nebraska's at-will employment doctrine, allowing a claim against an employer for retaliation when an employee is fired for filing a workers' compensation claim. This type of claim is removable. *See, e.g., Samland v. Turner Enterprises, Inc.*, No. 4:12CV3080, 2012 WL 3111893, at *4 (D. Neb. June 18, 2012), *report and recommendation adopted as modified*, No. 4:12CV3080, 2012 WL 3104143 (D. Neb. July 30, 2012) ("a claim for retaliatory discharge for filing a worker's compensation claim does not arise under the Nebraska's worker's compensation statutory scheme"); *Trosper v. Bag 'N Save*, 273 Neb. 855, 864, 734 N.W.2d 704, 711 (2007) (recognizing retaliatory demotion for filing a workers' compensation claim as a tort claim under Nebraska common law); *Brock v. Dunning*, 288 Neb. 909, 919, 854 N.W.2d 275, 286 (2014) (recognizing retaliatory discharge for filing a workers' compensation as a tort claim under Nebraska common law).

## IV. DIVERSITY OF CITIZENSHIP AND AMOUNT IN CONTROVERSY

11. Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction over all actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties that have been properly joined. Here, the Court has jurisdiction over this matter on the basis of diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction of all actions

where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and in which there is complete diversity of citizenship between the parties. For complete diversity of citizenship between the parties, no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

### A. *Diversity of Citizenship*

12. For diversity purposes, "a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated <u>and</u> of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. To determine a corporation's "principal place of business," courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's executives direct, control and coordinate the corporation's activities and administration. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id*.

14. Defendant Bilfinger Inc. is a Delaware corporation with its principal place of business in The Woodlands, Texas. *See* Exhibit B, ____ Decl. at ¶ 9; Therefore, Defendant Bilfinger is a citizen of Delaware and Texas for purposes of diversity jurisdiction.

15. Plaintiff is a citizen of the State of Louisiana. *See* Ex. A, Complaint at ¶ 1; *See* Exhibit B, ____ Decl. at ¶ 7; *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) (reasoning that as defined by the Fourteenth Amendment, citizenship is determined by where an individual resides. The term "resides" is defined as "hav[ing] one's *permanent home* in a particular place.") (Emphasis in original).

16. Thus, Plaintiff is a citizen of the State of Louisiana and Defendant is a citizen of Delaware and North Dakota, and because there is complete diversity of citizenship between

Plaintiff and Defendant, the diversity requirement is satisfied.

### B. Amount in Controversy

17. Diversity jurisdiction pursuant to § 1332(a) also requires the amount in controversy, exclusive of interests and costs, be in excess of $75,000.

18. Where removal is based on diversity of citizenship, the removing defendants "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. The standard for determining whether the jurisdictional threshold has been satisfied is "whether a fact finder might legally conclude" that a plaintiff's damages exceed $75,000. *See Gonzalez v. Eagle Parts & Prod.*, No. 8:06CV537, 2007 WL 675108, at *5 (D. Neb. Mar. 5, 2007) citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also, In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834-35 (8th Cir. 2003) (amount in controversy is the potential value of plaintiff's claims, not the amount pled or the actual verdict).

19. The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Plaintiff's Complaint does not state the amount in controversy in this action. Where removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(a); *see also Dart Cherokee*, 135 S. Ct. at 554.

20. Here, at the time of filing this lawsuit, Plaintiff alleges she was making approximately $1,633.88 a week and at the time her employed with Defendant ended, and is entitled to lost wages in excess of $23,000 and the lost wages are continuing.[2] *See* Ex. A, Complaint, ¶ 31. Additionally, Plaintiff was making $33.00 per hour and typically worked at least

---

[2] It is unclear how Plaintiff arrived at this figure, as Plaintiff's employment ended with Defendant in October 2018.

40 hours per week. *See* Exhibit B, \_\_\_\_ Decl. at ¶ . Based on Plaintiff's own assessment regarding lost wages, if this case were to proceed to trial in September 2022 plaintiff's future lost wages could exceed $127,442.00 ($1,633.88 X 78 weeks). *See* Exhibit. A, Complaint, ¶ 31. Plaintiff also claims the loss of health and retirement benefits. *Id.*

21. Plaintiff also seeks emotional distress damages and punitive damages, which should be considered when determining the amount in controversy. *See Gonzalez,* 2007 WL 675108, at *5. Plaintiff alleges she was subject to sexual and racial harassment and retaliation after the filing of a report of an incident of harassment. Since Bilfinger Inc. has over 500 employees at times, under Title VII, punitive damages could be as high as $300,000. Exhibit B, at ¶ \_\_\_; *See* 42 U.S.C. § 1981a(a)-(b). Therefore, Plaintiff's claims for compensatory and punitive damages further illustrate that the amount in controversy requirement has been met.

22. In similar employment-related cases, the federal courts of Nebraska have concluded that the amount in controversy exceeds $75,000 where the alleged compensatory damages are less than $75,000 but other items of damage are requested and available. *See e.g. Gurrola v. Tyson Fresh Meats, Inc., No. 8:13CV312, 2014 WL 25594, at *4 (D. Neb. Jan. 2, 2014)* (denying motion to remand after aggregating plaintiff's back pay, front pay, and compensatory damages).

23. Based on the foregoing, the amount in controversy requirement for diversity jurisdiction is satisfied.

**IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

24. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of the Notice of Removal with the Clerk of the District Court of Washington County, Nebraska, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

WHEREFORE, Defendant respectfully requests that this action, now pending in the District Court of Washington County, Nebraska, be removed to the United States District Court for District of Nebraska.

Dated April 27, 2021.

Respectfully submitted,

*/s/ Danielle L. Kitson*
Danielle L. Kitson #23581NE
dkitson@littler.com
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202

AND

Charles E. Reis, IV
(*Pro hac vice admission forthcoming*)
creis@littler.com
Stephanie Cohan
(*Pro hac vice admission forthcoming*)
scohan@littler.com
LITTLER MENDELSON, P.C.
600 Washington Avenue
Suite 900
St. Louis, MO 63101
Telephone: 314.659.2000
Facsimile: 314.659.2099

Attorneys for Defendant

## CERTIFICATE OF SERVICE

  I hereby certify that on the 27th day of April, 2021, I electronically filed and served the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and sent via email a copy to the following:

Jennifer Turco Meyer
Dyer Law, P.C., LLO
2611 S. 117th Street
Omaha, Nebraska 68144
(402) 393-7529
(402) 391-2289 facsimile
Jennifer@dyerlaw.com

*Attorney for Plaintiff*

                *s/ Arlene Aguilar*

4834-1056-2277.5 / 094116-1001