Filed in Washington District Court
*** EFILED ***
Case Number: D29CI210000058
Transaction ID: 0012986478
Filing Date: 03/21/2021 11:56:53 PM CDT

IN THE DISTRICT COURT OF WASHINGTON COUNTY, NEBRASKA

| | | |
|---|---|---|
| ANGELA FINGER, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY** |
| | ) | **DEMAND** |
| BILFINGER INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through her attorneys, and for her cause of action against the Defendant hereby states the following:

**PARTIES-VENUE-JURISDICTION**

1.      Plaintiff ANGELA FINGER, is a resident of Ball, Rapides Parish, Louisiana.

2.      Defendant BILFINGER INC., is a foreign corporation authorized to conduct business in Nebraska and doing business in Blair, Washington County, Nebraska.

3.      This Court has original jurisdiction over the claims arising under state law and concurrent jurisdiction of the Federal law claims.

4.      Venue is appropriate in this District under Neb. Rev. Stat. §25-403.02. Defendant resides in Washington County and the acts about which Plaintiff complains occurred during the course of her employment in Douglas County, Nebraska.

5.      On or about December 22, 2020, less than 90 days prior to the filing of this Complaint, Nebraska Equal Opportunity Commission made a determination with respect to Plaintiff's charges, NEB 1-18/19-3-50312-RS.

6.      On or about February 19, 2021, less than 90 days prior to the filing of this Complaint, Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on charge number 32E-2019-00331.

1



**FACTUAL BACKGROUND**

7.      On or about May 14, 2018, Plaintiff began working for Defendant as a Materials/Safety Manager.

8.      Throughout Plaintiff's employment with Defendant, she was harassed by her Supervisor, Robert Hicks ("Hicks"):

    a.   During her employment, Plaintiff was aware of two Native American males who worked for Defendant getting into a physical fight.  Hicks said to Plaintiff, "that's the way Indians do, that's the way your people fight."

    b.   Hicks would call Plaintiff "bluegum", and told Plaintiff that was "a mix of a nigger and an Indian."

    c.   Hicks called Plaintiff a "squaw," which is a derogatory name for a Native American woman, during a conversation there were having.

    d.   Hicks told Plaintiff she was not a true Indian, because Indians don't have big boobs and blonde in their hair.

9.      Hicks' comments regarding Native Americans, Plaintiff's sex and Plaintiff's ethinitcy and color continued until Plaintiff's termination.

10.     In June 2018, Plaintiff complained to Safety Managers, Wesley Buckland ("Buckland") and Terry Hager ("Hager") about Hicks' racist and sexist comments towards her and others. The comments by Hicks towards Plaintiff ceased briefly, and then restarted shortly thereafter.

11.     Towards to the end of June 2018, Planitiff also spoke with Regional Safety Directors Michael Cooper ("Cooper") and Kaleb Harris ("Harris") about Hicks' racist and sexist

2

comments. When Plaintiff spoke about Hicks, Cooper stated they had received multiple complaints about him and they would be talking to him.

12.    In or around July 2018, after Plaintiff made the complaints, Hicks stated that someone had complained about him and he wanted to know who it was during an employee safety meeting. During the comments, Hicks was staring at Plaintiff.

13.    After Plaintiff complained about him, Hicks started to retaliate against Plaintiff by adding duties to her job and treating her differently than other employees. Hicks made Plantiff come in every morning at 5:30 am to coordinate the parking lot, and check the portable bathrooms for company rule violations.   Plaintiff also became responsible for ensuring that no one was smoking in the portable bathrooms.   Plaintiff was no longer allowed to take a lunch break because she was made responsible for monitring co-workers' break times.

14.    The other Material/ Safety Manager, Dave Larson ("Larson"), was not required to do any of the same extra duties Plaintiff was required to do.

15.    Plaintiff continued to perform the extra duties for fear of insubordination until her termination.

16.    In September 2018, Hicks announced that everyone at the site Plaintiff was working at got a raise of two dollars per hour. Plaintiff was the only one who did not receive the raise.

17.    During a mandatory meeting of all employees,  Hicks  said to the group, "Angela, that raise they were talking about does not apply to you. You make too much money as it is."

18.    On October 1, 2018, Plaintiff sustained a workers' compensation accident which she reported Hager that same day.

3

19.     On or about October 5, 2018, Plaintiff arrived to the job site for work and Welder Julian Chavez ("Chavez") hugged Plaintiff and stated he messed up the previous night, but everything was fine now.

20.     Plaintiff asked Timekeeper, Michelle Fridley ("Fridley") what happened the previous night, but she did not disclose anything. Then Fridley's daughter, Amanda Wyble ("Wyble") stated that Chavez came to work inebriated and almost raped Fridley at work.

21.     Hicks was the supervisor for the night.   He knew about Chavez working while drunk and what happened with Fridley, but took no action.

22.     Immediately after Plaintiff spoke with Amanda, she met with Hager and told him what happened the previous night. Plantiff told Hagar that it was her duty to report the incident since Defendant broke the law by letting Chavez work while inebriated and because Fridley was assualted. Hager told Plaintiff nothing could be done, unless Fridley made the complaint herself. Plaintiff suspected that Fridley did not want to make a complaint because she was in a relationship with Hicks, and knew it would hurt his employment with Defendant.

23.     When Plaintiff complained about the rule violations and the sexual assualt to Site Manager Dave Hoff ("Hoff"), he told Plaintiff if she could not prove Fridley and Hicks were in a relationship, he did not want to hear her complaints.

24.     Over the next few days, Hicks retaliated against Plaintiff by assigning her even more job duties that were not within her job description, and threating to fire her for mistakes that she allegedly made. Additionaly, Hicks and other employees started to ignore and shun Plaintiff while she was on the job site.

25.     On October 6, 2018, Plantiff complained to Hagar that she was being retaliated against by Hicks, and feared further retaliation by him if something wasn't done.

4

26.     On October 6, 2018, Plantiff reporterd her workers' compensation accident again; this time telling Kayla Despres, Senior Human Resources. In the same email, Plaintiff also complained to Despres that she was subjection to a hostile working environment and treated differently than other employees on account of her race and sex. Plaintiff also complained to Despres that she was retaliated against by Hicks, and feared further retaliation by him if something wasn't done. Plaintiff also comlained to Despres about several violations of rules and laws on the job site.

27.     On October 10, 2018, Plaintiff sent another written email complaint to Despres that as a result of her complaints about Hicks, her schedule had been reduced by three hours a day, 21 hours over a week's time, for the purpose of Plaintiff avoiding contact with Hicks.

28.     On October 11, 2018, Plaintiff was terminated and told that Defendant was just going to do a reduction in force so that she could draw unemployment and they wouldn't have to worry about the problems between her and Hicks.

29.     Thereafter, Plaintiff applied for several open positions with Defendant on other job sites. Plaintiff was qualified for the positions she applied for, and was not rehired by Defendant even though she was told that she would be eligible for rehire.

30.     Prior to termination, Plaintiff's job performance was above satisfactory.

31.     At the time of her termination, Plaintiff was earning approximately $1,633.68 per week, working over 40 hours a week for Defendant. As of the date of this filing, Plaintiff's lost wages resulting from Defendant's wrongful conduct are in excess of $23,000.00 and are continuing. As part of her compensation, Plaintiff also was receiving health insurance and retirement benefits in an amount that is currently unknown to Plaintiff and will be subject to further discovery.

5

32.     As a result of Defendant's wrongful conduct, Plaintiff suffered lost wages, front pay, punitive damages, compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and has also incurred attorney's fees and other costs that are continuing.

## COUNTS I AND II

## SEX DISCRIMINATION-DISPARATE TREATMENT

### 42 U.S.C. §§2000(e) et seq. and Neb. Rev. Stat. §48-1004

33.     Plaintiff hereby incorporates paragraphs 1 through 32 as if fully set forth herein and states:

34.     Defendant discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of her sex in violation of the Title VII of the Civil Rights Act of 1964, as Amended ("Title VII"), and the NEFEPA by treating her differently than similarly-situated male co-workers.

35.     Plaintiff suffered adverse action, including but not limited to unequal pay, unfavorable work assignments, discipline and termination.

36.     Plaintiff's sex was a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

37.     The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by its conduct Defendant is subject to punitive damages.

38.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear;

6

anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, front pay, and other emoluments of employment.

## COUNTS III AND IV

## SEX DISCRIMINATION-HOSTILE WORK ENVIRONMENT

## 42 U.S.C. §§2000(e) et seq. and Neb. Rev. Stat. §48-1004

39.     Plaintiff hereby incorporates paragraphs 1 through 38 as if fully set forth herein and states:

40.     Defendant discriminated against Plaintiff with respect to her employment on the basis of her sex in violation of the Title VII and the NEFEPA by subjecting her to a hostile work environment caused by the conduct of her supervisor, including but not limited to Hicks's comments about Plaintiff's body, use of sexually derogatory terms towards her and other women, use of sexually explicit language towards her and other women and his sexual relationship with another employee

41.     Hicks' conduct was unwelcome.

42.     Hicks' conduct was based on Plaintiff's sex/gender.

43.     Hicks' conduct was sufficiently severe or pervasive that a reasonable person in the plaintiff's position would find the plaintiff's work environment to be hostile.

44.     At the time such conduct occurred and as a result of such conduct, Plaintiff believed her work environment to be hostile.

45.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, front pay, and other emoluments of employment.

## COUNTS V & VI

## RACE/COLOR DISCRIMINATION

### 42 U.S.C. §2000e and Neb. Rev. Stat. §48-1004

46.     Plaintiff hereby incorporates paragraphs 1 through 45 as if fully set forth herein and states:

47.     Defendant discriminated against Plaintiff with respect to terms and conditions of her employment on the basis of race and/or color in violation of Title VII and the NEFEPA by treating her differently than similarly-situated co-workers who were Caucasian and/or white.

48.     Plaintiff suffered adverse action, including but not limited to unequal pay, unfavorable work assignments, discipline, and termination of employment.

49.     Plaintiff's race and/or color were a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

50.     The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by its conduct Defendant is subject to punitive damages.

51.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, front pay, and other emoluments of employment.

## COUNTS VII AND VIII

## RACE DISCRIMINATION-HOSTILE WORK ENVIRONMENT

### 42 U.S.C. §§2000(e) et seq. and Neb. Rev. Stat. §48-1004

8

52.     Plaintiff hereby incorporates paragraphs 1 through 51 as if fully set forth herein and states:

53.     Defendant discriminated against Plaintiff with respect to her employment on the basis of her race in violation of the Title VII and the NEFEPA by subjecting her to a hostile work environment caused by the conduct of her supervisor, including but not limited to Hicks's derogatory and demeaning comments about Plaintiff's race and the race of other employees.

54.     Hicks' conduct was unwelcome.

55.     Hicks' conduct was based on Plaintiff's race.

56.     Hicks' conduct was sufficiently severe or pervasive that a reasonable person in the plaintiff's position would find the plaintiff's work environment to be hostile.

57.     At the time such conduct occurred and as a result of such conduct, Plaintiff believed her work environment to be hostile.

58.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, front pay, and other emoluments of employment.

## COUNT IX

## RACE DISCRIMINATION

## 42 U.S.C. § 1981

59.     Plaintiff hereby incorporates by reference paragraphs 1 through 58 and states:

60.     Defendant discriminated against Plaintiff on the basis of her race in violation of 42 U.S.C. § 1981 by subjecting her to disparate treatment in the terms, privileges and conditions of her employment.

9

61.     Plaintiff suffered adverse action, including but not limited to unequal pay, unfavorable work assignments, discipline and termination of employment.

62.     Plaintiff's race was a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

63.     The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by its conduct Defendant is subject to punitive damages.

64.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, front pay, and other emoluments of employment.

## COUNTS X AND XI

### RETALIATION

**42 U.S.C. §2000e-3 and Neb. Rev. Stat. §48-1114(1)(a)**

65.     Plaintiff hereby incorporates paragraphs 1 through 64 as if fully set forth herein and states:

66.     During her employment, Plaintiff engaged in protected activity, including but not limited to exercising her rights under Title VII and NEFEPA by internally complaining of sex and race discrimination, internally opposing sex discrimination and participating in an internal investigation related to sex and race discrimination.

67.     Defendant took adverse employment action against Plaintiff, including but not limited to subjecting her to harassment, unfavorable work schedules and assignments, unequal pay, discipline, termination of employment and failure to hire her for subsequent positions.

10

68.     There is a causal connection between Plaintiff's participation in protected activity and Defendant's adverse action against her.

69.     The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by its conduct Defendant is subject to punitive damages.

70.     As a result of Defendant's retaliation, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## COUNT XII

## WHISTLEBLOWER RETALIATION

### Neb. Rev. Stat. §48-1114(1)(c)

71.     Plaintiff hereby incorporates paragraphs 1 through 70 as if fully set forth herein and states:

72.     During her employment, Plaintiff engaged in protected activity, including but not limited to opposing and reporting illegal practices, including but not limited to reporting a coworker being allowed to work while intoxicated in violation of OSHA, state and internal safety rules and reporting a sexual assault of another coworker in violation of state law.

73.     Defendant took adverse employment action against Plaintiff, including but not limited to subjecting her to harassment, unfavorable work schedules and assignments, unequal pay, discipline, termination of employment and failure to rehire for subsequent positions.

74.     There is a causal connection between Plaintiff's participation in protected whistleblower activity and Defendant's adverse action against her.

11

75.     As a result of Defendant's retaliation, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## COUNT XIII

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### Nebraska Common Law-Workers' Compensation Retaliation

76.     Plaintiff hereby incorporates by reference paragraphs 1 through 75 and states:

77.     During her employment, Plaintiff participated in one or more protected activities arising under Nebraska Workers' Compensation Statutes, including but not limited to making a claim for worker's compensation benefits payable by Defendant.

78.     Within two weeks, Defendant terminated Plaintiff's employment and did not subsequently rehire her for jobs positions she was qualified to hold.

79.     A causal link existed between Plaintiff's termination and her participation in said protected activities.

80.     As a result of Defendant's retaliatory discharge, Plaintiff has suffered damages in the form of lost wages and benefits, loss of future pay and benefits, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. Plaintiff has incurred, and will continue to incur, attorney's fees and costs in this matter.

## DAMAGES

81.     Plaintiff hereby incorporates by reference paragraphs 1 through 80 and states:

82.     As a result of Defendant's discrimination, retaliation and other wrongful conduct, Plaintiff has suffered damages and seeks the following relief:

12

a.      Back pay and lost benefits to the time of trial;

b.      Front pay including retirement and other benefits;

c.      Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

d.      Punitive damages under Federal law;

e.      Attorney's fees, expert witness fees and other reasonable costs; and,

f.      Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for all her general, special and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Plaintiff demands a trial by jury.

Dated: March 21, 2021.

ANGELA FINGER, Plaintiff

BY:     s/ Jennifer Turco Meyer
        Jennifer Turco Meyer, #23760
        Of Dyer Law, P.C., LLO
        2611 S. 117th Street
        Omaha, Nebraska 68144
        (402) 393-7529
        (402) 391-2289 facsimile
        Jennifer@dyerlaw.com
        Attorney for Plaintiff

13

Filed in Washington District Court
*** EFILED ***
Case Number: D29CI210000058
Transaction ID: 0013015138
Filing Date: 03/24/2021 02:15:58 PM CDT

IN THE DISTRICT COURT OF WASHINGTON COUNTY, NEBRASKA

| | | |
|---|---|---|
| ANGELA FINGER, | ) | Case No. CI21-58 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PRAECIPE** |
| | ) | |
| BILFINGER INC., | ) | |
| | ) | |
| Defendant. | ) | |

TO THE CLERK OF SAID COURT:

PLEASE ISSUE Summons with a copy of the Complaint in the above-entitled matter and deliver the same to attorney for the Plaintiff for service upon the Defendant via certified mail, return receipt requested, to the following address:

> Bilfinger Inc.
> by and through their Registered Agent
> C T Corporation System
> 5601 South 59th Street, Suite C
> Lincoln, NE 68516

DATED this 24th day of March, 2021.

ANGELA FINGER, Plaintiff

BY:   s/ Jennifer Turco Meyer
Jennifer Turco Meyer, #23760
Of Dyer Law, P.C., LLO
2611 S. 117th Street
Omaha, Nebraska 68144
(402) 393-7529
(402) 391-2289 facsimile
Jennifer@dyerlaw.com
Attorney for Plaintiff

Image ID:
D00022780D29

| SUMMONS |

Doc. No.    22780

IN THE DISTRICT COURT OF Washington COUNTY, NEBRASKA
PO Box 431
Blair              NE 68008 0431

Angela Finger v. Bilfinger, Inc.

Case ID: CI 21        58

TO:  Bilfinger, Inc.

**FILED BY**
Clerk of the Washington District Court
03/24/2021

You have been sued by the following plaintiff(s):

Angela Finger

Plaintiff's Attorney:      Jennifer L Meyer
Address:                   2611 S 117th Street
                           Omaha, NE 68144

Telephone:                 (402) 393-7529

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: MARCH 24, 2021        BY THE COURT: _Susan K. Paulsen_
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Bilfinger, Inc.
        Register Agent CT Corp System
        5601 South 59th Street, Suite C
        Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| **SERVICE RETURN** | Doc. No. | 22780 |
| --- | --- | --- |

Washington District Court
PO Box 431
Blair                    NE 68008 0431

To:
Case ID: CI 21     58 Angela Finger v. Bilfinger, Inc.

Received this Summons on _____,_____ . I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                              _____

Mileage _____miles          _____

   TOTAL              $ _____

Date: _____      BY: _____
                                                          (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                            _____

Postage $ _____      Attorney for: _____

The return receipt for mailing to the party was signed on _____,_____ .

To: Bilfinger, Inc.
    Register Agent CT Corp System
    5601 South 59th Street, Suite C
    Lincoln, NE 68516

From: Jennifer L Meyer
      2611 S 117th Street
      Omaha, NE 68144

# ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Washington District Court
*** EFILED ***
Case Number: D29CI210000058
~~Transaction ID: 0013159006~~
Filing Date: 04/13/2021 09:53:32 AM CDT

## SERVICE RETURN

Washington District Court
PO Box 431
Blair              NE 68008 0431

To:
Case ID: CI 21    58 Angela Finger v. Bilfinger, Inc.

Received this Summons on _____,_____. I hereby certify that on

_____,_____ at _____ o'clock ___M. I served copies of the Summons

upon the party: _____

_____

by _____

_____

_____

_____

as required by Nebraska state law.

Service and return    $ _____

Copy                      _____

Mileage _____miles        _____

  TOTAL            $ _____

Date: _____    BY: _____
                                      (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Bilfinger Inc. _____

At the following address: by and through their Registered Agent, C T Corporation System,

 5601 South 59th Street, Suite C, Lincoln, NE 68516 _____

_____

on the  25th   day of  March, 2021 _____, as required by Nebraska state law.

Postage $ 8.05 _____    Attorney for:  Angela Finger, Plaintiff _____

The return receipt for mailing to the party was signed on  March 29, 2021 ,_____.

To: Bilfinger, Inc.                    From: Jennifer L Meyer
    Register Agent CT Corp System            2611 S 117th Street
    5601 South 59th Street, Suite C          Omaha, NE 68144
    Lincoln, NE 68516

# ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System, Registered
Agent For Bilfinger, Inc.
5601 S. 59th St, Ste C
Lincoln NE 68516

9590 9402 6173 0220 1411 99

2. Article Number (Transfer from service label)
7020 2450 0001 5119 1587

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Josh Holbrook_       ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

MAR 2 9 2021

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt

| Image ID:<br>D00022780D29 | **SUMMONS** | Doc. No.    22780 |
|---|---|---|

IN THE DISTRICT COURT OF Washington COUNTY, NEBRASKA
PO Box 431
Blair            NE 68008 0431

Angela Finger v. Bilfinger, Inc.                    Case ID: CI 21      58

TO:  Bilfinger, Inc.

You have been sued by the following plaintiff(s):

    Angela Finger

Plaintiff's Attorney:     Jennifer L Meyer
Address:                  2611 S 117th Street
                          Omaha, NE 68144

Telephone:                (402) 393-7529

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  MARCH 24, 2021        BY THE COURT:   *Susan K. Paulsen*
                                                      Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

    Bilfinger, Inc.
    Register Agent CT Corp System
    5601 South 59th Street, Suite C
    Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

# Certificate of Service

I hereby certify that on Tuesday, April 13, 2021 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Bilfinger, Inc. service method: No Service

Signature: /s/ Jennifer Turco Meyer (Bar Number: 23760)

(No. 706 Single)

# CERTIFICATE OF TRANSCRIPT

STATE OF NEBRASKA }
COUNTY OF __WASHINGTON__ } ss.

IN THE DISTRICT COURT OF

WASHINGTON COUNTY, NEBRASKA.

I,   Susan K Paulsen   Clerk of the District Court,

within and for the County aforesaid, do hereby certify that the foregoing is a full, true and

correct copy of   Certified Copy of CI 21 58

Angela Finger

vs

Bilfinger Inc.

Complaint
Praecipe
Summons
Service Return

as the same appears form the records of said Court.

WITNESS my hand and official seal

this          14th          day of   April          20 21

_Susan K Paulsen_
Clerk District Court.

Case No._____

# Certificate of Transcript

DISTRICT COURT

_____County

STATE OF NEBRASKA

_____

Plaintiff

vs.

_____

Defendant

ATTORNEYS

Plaintiff

Defendant

706 SINGLE—CERTIFICATE OF TRANSCRIPT—REDFIELD & COMPANY OMAHA