# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGELA FINGER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:21cv176 |
| | ) | |
| v. | ) | |
| | ) | |
| BILFINGER INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

To protect trade secret and/or confidential research, development or commercial information, and/or private information related to this litigation, it is **HEREBY ORDERED** that:

1. Any document or information produced or disclosed pursuant to the terms of this Stipulated Protective Order for Confidential Information ("Protective Order" or "Order") cannot be used for any purpose other than this lawsuit. Thus, information and documents produced through discovery and designated **"CONFIDENTIAL"** may be disclosed only to (a) a party, (b) recognized counsel for the parties in this case, and their staff and other attorneys in their firms, namely: Jennifer Turco Meyer of DYER LAW P.C., LLO, Attorney for Plaintiff, and Danielle Kitson, Charles E. Reis, IV, and Stephanie Cohan of LITTLER MENDELSON, P.C., Attorneys for Defendants, (c) witnesses, (d) experts and consultants retained by a party for assistance in trial preparation or for testimony, (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, (f) the Court and its personnel, and (g) for use in trial. The designation **"CONFIDENTIAL"** may be invoked in good faith by a producing party with respect to items of discovery produced through this litigation which the producing party or non-party reasonably

believes not to be in the public domain and contains any confidential, strategic, research, development, or commercial information, medical or mental health information or private, personal or personnel information.

2. Any document designated by a party as **"ATTORNEYS' EYES ONLY"** may be disclosed only to (a) recognized counsel for the parties in this case, and their staff and other attorneys in their firms, namely: Jennifer Turco Meyer of DYER LAW P.C. LLO, Attorney for Plaintiff, and Danielle Kitson, Charles E. Reis, IV and Stephanie Cohan of LITTLER MENDELSON, P.C., (b) experts and consultants retained by a party for assistance in trial preparation or for testimony, (c) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, (d) the Court and its personnel, and (e) for use in trial. As used herein, the designation **"ATTORNEYS' EYES ONLY"** may be invoked in good faith by a producing party only with respect to Confidential Information which the producing party or non-party reasonably believes to be highly sensitive information including : (1) a trade secret or so competitively sensitive that it is entitled to extraordinary protections or (2) non-public financial, personal or medical information about a person or party.

3. **CONFIDENTIAL** Information or **ATTORNEYS' EYES ONLY** Information may be disclosed to a person not already allowed access to such information under this Protective Order if:

> a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a corporate designee;
>
> b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

    c) counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

  4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

  5. All witnesses and experts retained by a party for assistance in trial preparation or for testimony will be provided a copy of this Protective Order and be made aware that they are prevented from publicly disseminating this information and should maintain its confidentiality.

  6. This Protective Order will not prohibit the use of Confidential Information in depositions of witnesses allowed access to such documents under the terms of this Protective Order and/or trial. However, the parties, attorneys and their staff, witnesses, and retained experts will not take any affirmative action to make publicly available the information learned through the use of Confidential Information at depositions or trial. Any tangible items that are designated **CONFIDENTIAL** and received through the course of depositions or trial may only be used for purposes of this trial and cannot be publicly disseminated.

  7. A party may designate information disclosed at a deposition as **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the date of the

deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** Information.

8. The parties shall act to protect from public disclosure all information produced through discovery and designated **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY**.

9. If any party wishes to modify this Order, the parties shall first request such modification from each other and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to termination of this lawsuit. Modification of this Order after termination of this lawsuit, by judgment, settlement or otherwise, shall not be permitted. Until modification is granted by agreement or order, the terms of this Order will govern.

10. If any party wishes to challenge a designation under this Order, the parties shall first request a changed designation from the producing party and, if no satisfactory agreement is reached, may petition the Court to challenge a designation at any time prior to termination of this lawsuit. Until a change to a designation is granted by agreement or order, the producing party's designation will govern.

11. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

12. This Order shall not preclude the Court or its personnel from reviewing any documents or information as necessary for the conduct of this litigation. Documents designated **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** that are filed with the Court shall be filed under seal.

13. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement

agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents designated **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY** Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

14. This Order shall apply to any person or entity from whom discovery may be sought and who desires protections for the discovery sought. Thus, any non-party requested or required to produce or disclose documents, things or information or provides testimony in this proceeding, through subpoena or otherwise, may designate such documents **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY**, things or information or testimony under the terms of this Order. Third party discovery designated under this Order shall be treated by the parties in accordance with the provisions of this Order as if such documents, things or information or testimony were produced or provided by a party to this action.

**IT IS SO ORDERED.**

Dated this 4th day of June, 2021.

_____
Hon. Michael D. Nelson
United States Magistrate Judge

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Jennifer Turco Meyer (with consent)* <br> Jennifer Turco Meyer #23760NE <br> DYER LAW, P.C., LLO <br> 2611 S. 117th Street <br> Omaha, Nebraska 68144 <br> (402) 393-7529 <br> (402) 391-2289 facsimile <br> Jennifer@dyerlaw.com <br><br> *Attorney for Plaintiff* | */s/ Charles E. Reis, IV* <br> Danielle L. Kitson #23581NE <br> dkitson@littler.com <br> LITTLER MENDELSON, P.C. <br> 1900 Sixteenth Street, Suite 800 <br> Denver, CO 80202 <br> Telephone: 303.629.6200 <br> Facsimile: 303.629.0200 <br><br> AND <br><br> *Charles E. Reis, IV #32535MO <br> creis@littler.com <br> *Stephanie Cohan #70919MO <br> scohan@littler.com <br> LITTLER MENDELSON, P.C. <br> 600 Washington Avenue <br> Suite 900 <br> St. Louis, MO 63101 <br> Telephone: 314.659.2000 <br> Facsimile: 314.659.2099 <br><br> Attorneys for Defendant <br><br> *Admitted *Pro Hac Vice* |

## CERTIFICATE OF SERVICE

   I hereby certify that on the 4th day of June, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system to the following:

Jennifer Turco Meyer
Dyer Law, P.C., LLO
2611 S. 117th Street
Omaha, Nebraska 68144
(402) 393-7529
(402) 391-2289 facsimile
Jennifer@dyerlaw.com

*Attorney for Plaintiff*

                    */s/ Charles E. Reis*

4846-8024-9576.2 / 094116-1001