Moving Party:   Plaintiff, Angela Finger

[Finger v. Bilfinger, Inc.; Case No. 8:21CV00176]

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers of the assigned magistrate judge.

The moving party is:       Angela Finger, Plaintiff

The responding party is:     Bilfinger Inc., Defendant

**Note:**  If discovery from both parties is at issue, provide a separate sheet for each moving party.

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | | | |
| RFP No. 28: A complete copy of your employee and/or personnel file for Hicks, Hager, Kanehl, Harris, Larson, Cooper, Buckland, Hoff, Despres, Chavez, Wyble and Fridley. | | Plaintiff has requested the employee/personnel files for all the witnesses listed in the Rule 26 Disclosures. Relevant to credibility and potential bias of all the witnesses who may testify. Proves or disproves many of Plaintiff's claims (i.e. claims about Hick's behavior; that Defendant did not | Personnel files of every witness listed on Defendant's Initial Disclosures is far too overbroad, not proportional to the needs of the case and seeks irrelevant, private information of individuals not a party to the case. Just because individuals were listed as having knowledge of the facts of the case does not mean their | Plaintiff offers to limit the request to personnel file documents related to: a. performance, b. discipline, c. internal complaints or investigations, d. hours worked for the time period that Plaintiff was employed. e. paystubs for the time period that Plaintiff was employed. | | Defendants shall produce, for the time period between December 15, 2017-December 31 2019, personnel files as to annual performance evaluations; and discipline and internal complaints/ investigations related to harassment, discrimination, and retaliation . |

4864-6634-7286.1 / 094116-1001

Moving Party:   Plaintiff, Angela Finger

| | | | | | |
|---|---|---|---|---|---|
| | | take action, that Defendant covered up illegal acts) and Defendant's claims (i.e. that prompt remedial action was taken or that it exercised reasonable care). | personnel files become relevant to the claims and defenses of the parties. *See* Defendant's Supporting Authority Addendum.  Plaintiff is not contenting that all of these witnesses: 1) had supervisory authority over Plaintiff; 2) were involved in any discriminatory or retaliatory conduct; or 3) were decisionmakers with the reduction in force. | | As to Plaintiff's request for hours worked or pay stubs, Defendant shall produce any such documents showing dates, times, and places, where Hicks, Kanehl, Hager, Buckland, Larson, Chavez, Fridley, Wyble, and Hoff were actually working, limited to May 14, 2018 to Oct 11, 2018. |
| RFP No. 29: A complete copy of your employee and/or personnel file for any employee, past or current, that you intend to call as a witness at trial. | | See RFP No. 28 above. | Same as RFP Response No. 28. Additionally, discovery is continuing, and no depositions have taken place as of this time and Defendant has no idea at this point who it may call as a witness at trial, and is not obligated to specify pursuant to the scheduling plan approved by this Court. | Plaintiff offers to limit the request to personnel file documents related to: a. performance, b. discipline, c. internal complaints or investigations, d. hours worked for the time period that Plaintiff was employed. e. paystubs for the time period that | See ruling above. |

4864-6634-7286.1 / 094116-1001

Moving Party:    Plaintiff, Angela Finger

| | | | Plaintiff was employed. | | |
|---|---|---|---|---|---|
| RFP No. 33:<br>All emails between Michelle Fridley and Robert Hicks sent from or received by their company issued email addresses. | | a. Plaintiff is claiming hostile work environment created by the relationship between Hicks and Fridley. Communications between the two are relevant to prove or disprove allegations about their relationship, whether Plaintiff was treated differently, and what communications they have had about Plaintiff.<br>b. No expectation of privacy on company email.<br>c. A protective order (including attorneys eyes only) can protect any privacy issues. | Request for Production No. 33 is not limited in time and scope in that it seeks "all emails." The time frame of emails between Fridley and Hicks does not correlate with the time frame of Plaitniff's claims. Also, Plaintiff's request for "all emails" encompasses emails irrelevant to the claims and defenses of the parties and is not narrowly tailored to the subject matter of the litigation. Emails irrelevant to Plaintiff do not establish the existence of hostile work environment. *See* Defendant's Supporting Authority Addendum. | | Defendant shall search for and produce text messages and emails to or from Hicks' company-owned devices that reference Plaintiff, between May 14, 2018 and December 31, 2019. Counsel shall meet and confer to formulate any additional search terms. |
| RFP No. 34: All text messages between Michelle Fridley and | | See RFP 33 above. | Same as Request No. 33. | | See above. |

3

Moving Party:   Plaintiff, Angela Finger

| | | | | | |
|---|---|---|---|---|---|
| Robert Hicks sent from or received by their company issued or company paid mobile phones. | | | | | |
| RFP No. 35: All emails about Michelle Fridley sent from or received by Robert Hicks on his company issued email address. | | See RFP No. 33 above. | Same as Request No. 33. | | See above. |
| RFP No. 37: All witness statements pertaining to any of the events which are the subject matter of this lawsuit. | | Plaintiff requests a privileged log for any documents responsive to this question that are claimed to be attorney client privileged and work product. Plaintiff should be able to evaluate the basis of Defendant's claim (fact v. opinion) and if Plaintiff has substantial need or undue hardship if not disclosed. | Defendant states that this is beyond what was agreed to by the parties for each providing a privilege log. | a. Do not need include A/C privileged communications after March 8, 2019. b. Still need to list documents that are claimed to be WP that are not communications with the client. | Defendant is in agreement with a. With respect to b., pursuant to this request, Defendant will provide a privilege log of witness statements that it is withholding based upon based upon Attorney Client/Privilege/Work Product that are not communications with the client. |
| | | | | | The parties agree Defendant will produce a privilege log. |
| | | | | | |

4

4864-6634-7286.1 / 094116-1001

Moving Party:   Plaintiff, Angela Finger

| | | | | | | |
|---|---|---|---|---|---|---|
| RFP No. 40: All workers' compensation injury reports for any employee working on Plaintiff's job site for the time period starting six months before Plaintiff's employment and ending six months after Plaintiff's last day of employment. | | Plaintiff is claiming work comp retaliation under state law and obtaining information about other employees that were injured and how they were treated by Defendant is relevant to Plaintiff's claims. This is a state law claim that is not as narrowly interpreted as Title VII. Any person with a work comp injury during the time requested that was working on the same job site for the same employer as Plaintiff is a comparator in this case. | Providing worker's compensation reports any employee injured on the job is far too overbroad, not proportional to the needs of the case and seeks irrelevant, private information, including that of alleged injuries of individuals not a party to the case. | | | Defendant shall identify any individuals that, at Plaintiff's job site between December 14, 2017, and December 15, 2018, filed a workers comp claim and their current employment status with Defendant. |
| | | | | | | |

Counsel for [Plaintiff]:          /s/Jennifer Turco Meyer

Counsel for [Defendant]:          /s/Charles E. Reis, IV

Date:  March 17, 2022.

DATED: March 18, 2022
s/ Michael D. Nelson

4864-6634-7286.1 / 094116-1001



2611 S. 117th St.
Omaha, NE 68144
(402) 393-7529 · (402) 391-2289 fax

**Lincoln Office**
100 N. 8th St. Ste. 150
Lincoln, NE 68508
(402) 488-3937 · (402) 467-2485 fax

**Toll-Free:** 1-888-393-7529
www.dyer.law

March 17, 2022

**SENT VIA ELECTRONIC MAIL TO NELSON@NED.USCOURTS.GOV**

Honorable Michael D. Nelson
United States Magistrate Judge
Roman L. Hruska U.S. Courthouse
111 S. 18th Plaza, Suite 2210
Omaha NE 68110

RE:     *Finger v. Bilfinger, Inc.*
        Case No. 8:21CV00176

Dear Judge Nelson:

        Please accept the following as Plaintiff's Position Statement regarding the discovery disputes that have been submitted by the Plaintiff for your review.

**Request for Production Nos. 28 and 29:** These requests seek copies of the personnel files for the individuals named by both parties in their Initial Disclosures (RFP No. 28) and for any current or past employee witnesses that Defendant will call as a witness at trial (RFP No. 29). Defendant objected on the basis that these requests were overbroad, requested information that was irrelevant, immaterial, not calculated to lead to the discovery of admissible evidence and seeks confidential information of the witnesses. See attached Defendant's Responses to Requests for Production of Documents. Plaintiff has offered to limit this question to just personnel records related to performance, discipline, internal complaints, investigations, and documents reflecting when the witnesses were working for Defendant.  Information relating to when witnesses were on site is relevant to whether they have firsthand knowledge of the events of Plaintiff's complaint and substantiating the witness's testimony about said events. Testimony related to the witness's performance and disciplinary record is relevant to their credibility and knowledge of the subject matter they are testifying about, especially if they are critical of Plaintiff's performance, or they have been disciplined for things that Plaintiff was complaining about.   Performance and disciplinary records are also relevant to Defendant's defenses and whether it took prompt action to resolve discrimination and retaliation.

**Request for Production Nos. 33 and 34:** These requests seek copies of all emails and text messages between Michelle Fridley and Robert Hicks sent from or received by their company issued email addresses (RFP No. 33) or company issued mobile phones (RFP No. 34). Defendant objected on the basis that these requests were overbroad, requested information that was irrelevant, immaterial, not calculated to lead to the discovery of admissible evidence, disproportionate to the needs of this case and seeks confidential information of the witnesses. See attached Defendant's Responses to Requests for Production of Documents. Plaintiff alleges that she suffered a hostile

work environment due to an inappropriate romantic relationship between Fridley and Hicks, and that she was retaliated against for internally complaining about their inappropriate relationship. She also alleges that both witnesses lack credibility because of their relationship and that they have already not been truthful when giving sworn deposition testimony in her workers' compensation case. Hicks and Fridley deny having a romantic relationship, but Plaintiff makes her allegations based on personal knowledge of their interactions and based on information that she was given by other employees. Any emails or text messages between Hicks and Fridley, via company email or mobile phone, are relevant to resolving the factual dispute concerning the nature of their relationship. This request is not overly broad as it can be completed by simply searching Hick's email or texts for messages with Fridley. Moreover, Defendant has not articulated any reason a search of Hick's company email or phone would pose an undue burden or unreasonable expense. Hicks and Fridley do not have an expectation of privacy for communications sent using a company email or device, and any objection based on confidentiality can be remedied by application of the parties' protective order or in-camera review.

**Request for Production No. 35**: This request seeks all emails about Michelle Fridley sent from or received by Robert Hicks on his company issued email address. See attached Defendant's Responses to Requests for Production of Documents and see Plaintiff's argument on Nos. 33 and 34 above. Any emails that Hicks sent or received, via his company email, about Fridley are relevant to resolving the nature of his relationship with her. This request is not overly broad as it can be completed by simply searching Hick's email for "Michelle" or "Fridley."

**Request for Production No. 40**: This requests all workers' compensation injury reports for any employee working on Plaintiff's job site for the time period starting six months before Plaintiff's employment and ending six months after Plaintiff's last day of employment. Defendant objected on the basis that these requests were overbroad, requested information that was irrelevant, immaterial, not calculated to lead to the discovery of admissible evidence and seeks documents which invade the insurer/insured privilege. See attached Defendant's Responses to Requests for Production of Documents. Plaintiff is claiming that she was retaliated against because she reported a worker's compensation injury while working for Defendant. Discovering the identity of other employees that also reported injuries and how they were treated by Defendant after reporting their injuries is relevant to Plaintiff's claims and Defendant's defenses on this retaliation claim. Nebraska law requires all employers to report work-related injuries, and said reports are public record. Neb. Rev. Stat. §48-144.01. Thus, the documents Plaintiff seeks related to injury reports are not protected by a claim of insured/insurer privilege.

Thank you for your consideration of this matter. If there is any additional information that you require prior to our teleconference on March 18, 2022, please do not hesitate to contact me.

Very truly yours,

s/Jennifer Turco Meyer

JTM/tl
cc:    Charles E. Reis, IV

2



**Re:     Finger v. Bilfinger, Inc.; Case No. 8:21CV00176**
**Bilfinger's Position Statement pursuant to ECF No. 39**

**Submitted to Magistrate Judge Michael D. Nelson**

Plaintiff Andrea Bradley ("Plaintiff") filed a 13 count Complaint discrimination, hostile environment, and retaliation. Plaintiff's employment ended when there was a reduction in force because the phase of the project she was working on ended.  Numerous other employees were terminated at the time of this reduction in force.   For the March 18, 2022, discovery conference, there are four issues before this Court, one of which appears to be resolved:

**Issue 1:  Whether the complete employee files of the individuals who may be witnesses (Request 28) and any witness Bilfinger intends to call at trial (Request 29) should be required to be produced.**

Federal courts have established that an employees' identification as a witness with some knowledge of the parties' claims or defenses  (Request No. 28) does not mandate the production of their entire employee files in discovery.  Also, none of these employees were decision makers with respect to Plaintiff being reduced in force. Moreover, requesting the identification of witnesses for trial and their corresponding personnel files (Request No. 29) is premature given that Defendant has not selected witnesses for trial. Identification of individuals as trial witnesses' does not mean their personnel files suddenly become discoverable without the requisite showing of relevancy and the benefits outweighing the witnesses' privacy interests. This invasive and overreaching request seeks information that is private and confidential, such as potential financial, medical related issues, family matters, and other information that has nothing to do with the claims or defenses.

By way of example, in *Haselhorst v. Wal-Mart Stores, Inc.*, the Court stated that "[t]he court finds that a blanket request for personnel files of any potential witness or other employee whose name is mentioned in discovery is unwarranted. The mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file." 163 F.R.D. 10, 11 (D. Kan. 1995). Before a party seeks the personnel files of nondecision-making employees, the basic tenet of relevancy must be established. *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997). Just because a person may be a witness does not subject their personnel files to disclosure in the lawsuit.  "In this respect, we agree that "[t]he mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file." *Id.* citing *Haselhorst v. Wal–Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D.Kan.1995). Moreover, production of the files in their entirety should not be ordered where the relevant information may be obtained by resort to less intrusive means of discovery. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir.1990), cert. denied, 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991); see also *Alden v. Time Warner, Inc.*, 1995 WL 679238 *1 (S.D.N.Y. November 14, 1993); *Giraudo v. Henkels & McCoy, Inc.*, 1993 WL 415613 *1 (D.Or., October 7, 1993); *Held v. National R.R. Passenger Corp.*, 101 F.R.D. 420, 426 (D.D.C.1984).").

While Plaintiff may argue that the personnel files of potential witnesses or for trial will establish credibility, it is clear that seeking personnel files on the basis of "establishing credibility" is impermissible. *Case v. Platte County, Neb.*, 2004 WL 1944777 *2 (D. Neb. June 11, 2004) Indeed, "even where company records are shown to be relevant, Courts have been reluctant to permit discovery, when the request disclosures would intrude upon the privacy interests of other, non-party employees." *Id.* citing *Gehring v. Case Corp.*, 43 F.3d 340, 342-43 (7th Cir. 1994)

Plaintiff's offer to limit the request is still overreaching in requesting documents relating to performance, discipline, internal complaints or investigation, hours worked, and paystubs. These limitations do not remedy the problem because it does not limit the request to issues relating to the issues at hand, namely discrimination, harassment, or retaliation. Additionally, these requests seek information for employees who are not decisionmakers or who have alleged to be engaged in harassment, discrimination, or retaliation.

**Issue 2: Whether every email between Michelle Fridley and Robert Hicks sent or received by their company email should be produced (Request 33), all text messages between Michelle Fridley and Robert Hicks on their company cell phones**

**be produced (Request 34), and all emails about Michelle Fridley to or from Robert Hicks should be produced (request 35).**

Robert Hicks was Plaintiff's supervisor at the Blair, Nebraska project site.  Michelle Fridley was a Field Clerk at the Blair, Nebraska Project site.  Ms. Fridley provided Mr. Hicks with administrative support and would regularly and often communicate with Mr. Hicks regarding project details and other administrative tasks.  Plaintiff has alleged that Mr. Hicks made racist and sexist comments to her.  Complaint, p. 8-10.  Plaintiff alleged that while Fridley and Hicks were working on a shift, a drunk employee assaulted Fridley, and Hicks did nothing about it.  Complaint, p.19-20.  Plaintiff has surmised that Ms. Fridley did not make a complaint against this employee because Hicks was the supervisor on the shift and could cause harm to Hicks with whom Plaintiff believes Fridley was in a romantic relationship. Complaint, p. 22

Plaintiff wants an extensive forensic search of unlimited duration of Hicks, Fridley, and others of their cellphone and computers to try and prove if Hicks and Fridley were in a relationship.  This collateral information that has nothing to do with whether Plaintiff was harassed or discriminated against by Hicks, or even an incident involving Plaintiff.  Even if this incident had some tangential relationship to the lawsuit, the facts of the incident can be obtained by less invasive means to depose Fridley, or Chavez (the alleged perpetrator), or Hicks, who Plaintiff has already requested to depose.  Based upon experience, a forensic search would cost thousands of dollars to prove an ancillary matter that does nothing to establish whether Plaintiff was discriminated, harassed, or retaliated against.   Would Plaintiff pay for this search? Doubtful.

Federal courts have established that without a showing of relevancy or a limitation on time and a narrowing to the relevant subject matter, overbroad requests for "all emails" or "all text messages" is improper.  In *Sikora v. National Indemnity Company*, the Court denied an overly broad request for "all emails." 2013 WL 5524551 *2 (D. Neb. October 4, 2013) citing *McGowan v. Gen. Dynamics, Corp.*, 794 F .2d 361, 363 (8th Cir.1986). Courts may limit discovery where requests are excessively broad and call for the production of irrelevant information. *Id.*  The court in *Sikora* further reasoned "[f]irst, [plaintiff's] requested [sic] was overly broad because it included two years worth of emails from the Defendants and NICO's employees." "Also, [plaintiff's] request was not targeted to the issues in this case; that is, the requests were not tailored to obtain documents specifically referencing [plaintiff] and the requests sought documents which occurred seven months after the alleged events giving rise to [plaintiff's] claims." "The tenants of discovery should not be misapplied so as to allow fishing expeditions in discovery." Here, Plaintiff seeks "all emails" of individuals without any limitation on scope, or tailored to the subject matter at hand. Producing "all emails" without limitation is too broad of a net even common discovery fishing expeditions. See also *Brown v. West Corporation*, 287 F.R.D. 494, 504 (D. Neb. 2012) ("To the extent plaintiff seeks "all emails . . ." the Court finds that the burden of identifying all such emails outweighs the expected benefit . . ."; The same applies for unfettered requests for "all text messages." See *RightCHOICE Managed Care, Inc. v. Hospital Partners, Inc.*, 2019 WL 3291570 *2 (W.D. Mo. July 22, 2019).

**Issue 3:  The extent of a privilege log for witnesses' statements needs to be produced (Request 37).**

This issue appears resolved in that Defendant will provide a privilege log for witness statement that are being withheld on the basis of work product that are not communications with the client.

**Issue 4:   All worker's compensation injury reports for any employee working at the Blair site six months before and six months after Plaintiff's employment (Request 40).**

Worker's compensation injury reports contain confidential injury and medical information of employees.  Further, these reports do nothing to establish if an employee actually made a claim or was allegedly retaliated against for making a claim, the report simply indicate that the employee was injured, the extent of injury, and possibly medical treatment.  Nothing in this report establishes whether the employee is similarly situated to Plaintiff or could be used as a comparator.  This is simply a fishing expedition that significantly invades the privacy of injured workers.

***Submitted by Charles E. Reis, IV, Counsel for Defendant Bilfinger***

| Defendant's Addendum |
| :---: |
| Request for Production No. 28 & 29 |

Federal courts have established that an employees' identification as a witness with some knowledge of the parties' claims or defenses does not mandate the production of their employee files in discovery. Moreover, Request No. 29 is premature given that Defendant has not selected witnesses for trial. Identification of individuals as trial witnesses' does not mean their personnel files suddenly become discoverable without the requisite showing of relevancy and benefits outweighing the witnesses' privacy interests.

*Caselaw in Support of Denial*

See *Haselhorst v. Wal-Mart Stores, Inc*., 163 F.R.D. 10, 11 (D. Kan. 1995) ("In addition, the court finds that a blanket request for personnel files of any potential witness or other employee whose name is mentioned in discovery is unwarranted. The mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file.")

See also *Raddatz v. Standard Register Co*., 177 F.R.D. 446, 448 (D. Minn. 1997) ("'At a minimum, before a Court compels the production of non-party personnel files, it should first be satisfied that the information in those files is, indeed, relevant. In this respect, we agree that "[t]he mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file.' citing *Haselhorst v. Wal–Mart Stores, Inc*., 163 F.R.D. 10, 11 (D.Kan.1995). 'Moreover, production of the files in their entirety should not be ordered where the relevant information may be obtained by resort to less intrusive means of discovery.' see, e.g., *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir.1990), cert. denied, 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991); *Alden v. Time Warner, Inc*., 1995 WL 679238 *1 (S.D.N.Y. November 14, 1993); *Giraudo v. Henkels & McCoy, Inc*., 1993 WL 415613 *1 (D.Or., October 7, 1993); *Held v. National R.R. Passenger Corp*., 101 F.R.D. 420, 426 (D.D.C.1984).").

See also *Case v. Platte County, Neb*., 2004 WL 1944777 *2 (D. Neb. June 11, 2004) (denying in part, a plaintiff's request for nonparty personnel files for credibility purposes and stating, "[c]ourts have concluded that the personnel files of an entire class of employees should not be produced, even in an employment discrimination proceeding, absent a compelling showing of relevance."). "Even where company records are shown to be relevant, Courts have been reluctant to permit discovery, when the request disclosures would intrude upon the privacy interests of other, non-party employees." citing *Gehring v. Case Corp*., 43 F.3d 340, 342-43 (7th Cir. 1994) (privacy interests were a proper basis which upon to disallow counsel from 'rooting around the personal files.'").

| Request for Production No. 33, 34, & 35 |
| :---: |

Federal courts have established that without a showing of relevancy or a limitation on time and a narrowing to the relevant subject matter, overbroad requests for "all emails" or "all text messages" is improper.

*Caselaw in Support of Denial*

See *Sikora v. National Indemnity Company*, 2013 WL 5524551 *2 (D. Neb. October 4, 2013) In denying a plaintiff's request for employee emails, the Court stated "'Generally, parties may obtain discovery regarding any unprivileged matter so long as it is relevant to the subject matter of the pending action.' citing *McGowan v. Gen. Dynamics, Corp*., 794 F .2d 361, 363 (8th Cir.1986). However, courts may limit discovery where requests are excessively broad and call for the production of irrelevant information. *Id*." The Court further reasoned "[f]irst, [plaintiff's] requested [sic] was overly broad because it included two yearsworth of emails from the Defendants and NICO's employees. Also, [plaintiff's] request was not targeted to the issues in this case; that is, the requests were not tailored to obtain documents specifically referencing [plaintiff] and the requests sought documents which occurred seven months after the alleged events giving rise to [plaintiff's] claims." "The tenants of discovery "should not be misapplied so as to allow fishing expeditions in discovery."

See also *Brown v. West Corporation*, 287 F.R.D. 494, 504 (D. Neb. 2012) ("To the extent plaintiff seeks "all emails . . ." the Court finds that the burden of identifying all such emails outweighs the expected benefit . . ."

See also *RightCHOICE Managed Care, Inc. v. Hospital Partners, Inc*., 2019 WL 3291570 *2 (W.D. Mo. July 22, 2019) (finding that text messages are only discoverable if they are shown to contain relevant information, not privileged, and in the Defendant's custody, possession, or control.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ANGELA FINGER,** | **Case No. 8:21-cv-00176** |
| **Plaintiff,** | |
| **vs.** | **DEFENDANT'S RESPONSES TO** |
| | **PLAINTIFF'S REQUESTS FOR** |
| **BILFINGER INC.,** | **PRODUCTION** |
| **Defendant.** | |

COMES NOW Defendant Bilfinger, Inc. ("Defendant"), and for its Responses and Objections to Plaintiff's First Requests for Production, states as follows:

**REQUEST NO. 1:** A complete up-to-date copy of your employee and/or personnel file on Plaintiff, including but not limited to any files (regardless of their title) on Plaintiff maintained by your owners, your supervisors, your human resources department, benefits department, or any other location within your organization.

> **RESPONSE:** *See* **documents produced with initial disclosures at BW-Finger 000011-000047.**

**REQUEST NO. 2:** Produce all documents you relied upon in making your decision to terminate Plaintiff's employment.

> **RESPONSE: None.**

**REQUEST NO. 3:** Produce all documents you relied upon in making your decision that you could not accommodate Plaintiff's disability.

> **RESPONSE**: **Objection. Defendant objects to this Request as it is vague, and ambiguous as to the phrase "making your decision that you could not accommodate Plaintiff's disability." Defendant further objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Plaintiff has not asserted a claim for disability discrimination and did not request an accommodation.**

**REQUEST NO. 4: P**roduce all copies of any and all non-privileged communications, internal or external, electronic or written, sent to or received by any of your employees discussing the following:

    a.       Plaintiff's job performance - both positive and negative,

    b.       Plaintiff's physical or mental health conditions,

    c.       Plaintiff's request for family medical leave or extended absence leave,

    d.       Plaintiff's requests for disability accommodation,

    e.       Complaints about Plaintiff by her supervisors or co-workers,

    f.       Any investigation into complaints made by Plaintiff or about Plaintiff,

    g.       Plaintiff's report or complaint of any injury while working for you,

    h.       Plaintiff's report or complaint of sexual harassment towards her or other female employees,

    i.       Plaintiff's report or complaint of gender discrimination against her or other female employees,

    j.       Plaintiff's report or complaint of race, color or national origin discrimination against her or other employees,

    k.       Plaintiff's report or complaint of discrimination or unfair payment of her wages,

    l.       Plaintiff's report or complaint of illegal activity by you or on your job site where she worked,

    m.       Plaintiff's report or complaint of safety violations by you or on your job site where she worked, or

    l.       Plaintiff's report or complaint of retaliation.

    **RESPONSE**: *See* **documents produced with initial disclosures at BW-Finger 000224-000230, 00048.**

**REQUEST NO. 5:** Produce all copies of any and all documents related to you engaging in the interactive process with Plaintiff related to her request for reasonable accommodation.

   **RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Plaintiff has not asserted a claim for disability discrimination.**

**REQUEST NO. 6:** Produce all documents related in any way to Plaintiff's performance for the entire period of her employment with you, including all memos, notes, and letters reflecting oral or written evaluations of Plaintiff's performance and/or ability to perform the job duties of her position. For the purposes of this request, please produce any electronically created or stored document in its native format.

   **RESPONSE**: **Objection, said request seeks information protected by the attorney-client privilege and work product doctrine. Subject to this objection, _see_ documents produced with initial disclosures at BW-Finger 00048.**

**REQUEST NO. 7:** A copy of all versions of the employee handbook that were and/or are in effect from the time of Plaintiff's application for employment through her last day of employment.

   **RESPONSE**: **_See_ documents produced with initial disclosures at BW-Finger 00001-000020. Bilfinger will supplement this response with responsive documents.**

**REQUEST NO. 8:** A copy of all of your policies or procedures that were in effect during the time of Plaintiff's employment and related in any way to the following:

   a.  disability discrimination,

   b.  requesting an accommodation for a disability,

   c.  requesting family medical leave,

   d.  requesting extended absence leave,

   e.  requesting short-term or long-term disability benefits,

   f.  harassment, bullying and/or hostile work environment,

g.      reporting violations of company policy or procedures,

h.      retaliation,

i.      disciplinary action,

j.      safety rules for the job site where Plaintiff was employed,k  reporting safety

        violations, or

l.      time clock procedures.

**RESPONSE:** *See* **documents produced with initial disclosures at BW-Finger 000137-000156, 000331-000349, 000350-000376, 000386-000445.**

**REQUEST NO. 9:** Any and all written rules, guidelines, policies, or procedures established by Defendant with respect to the job positions of Material Handlers and Safety Managers at the job site where Plaintiff worked for the time period starting with Plaintiff's first day of employment in said position through the last day of her employment.

**RESPONSE**:  **Other than the documents produced in response to Request No. 8, none.**

**REQUEST NO. 10:** Any and all written job descriptions, including mental and/or physical qualifications, established by Defendant with respect to Plaintiff's job position for the time period starting with Plaintiff's first day of employment in said position through her last day worked.

**RESPONSE**: *See* **documents produced with initial disclosures at BW-Finger 000377-000378.**

**REQUEST NO. 11:** Copies of any insurance agreement under which an insurance company may be liable to satisfy part or all of a judgment which may be entered against you in this action or under which an insurance company has agreed to indemnify or reimburse you for payments made to satisfy the judgment entered against you in this action.

**RESPONSE**: *See* **Bilfinger's insurance policy declaration produced herewith.**

**REQUEST NO. 12:** Any and all written, transcribed or recorded statements that have been taken by you, or taken by someone on your behalf, or that may be subject to your control that relate in any way to this case.

> **RESPONSE**: **Objection, said request seeks information protected by the attorney client-privilege and work product doctrine. Without waiving this objection, *see* documents produced with initial disclosures at BW-Finger 000001-000009; PL 000290-000439; *see* copies of the Fridley and Hager interview audio files produced herewith. Bates numbers are forthcoming.**

**REQUEST NO. 13:** Any other document not previously provided herein that in any way was relied upon or used by you in answering any set of Plaintiff's Interrogatories to Defendant.

> **RESPONSE**: **None.**

**REQUEST NO. 14:** Any documents you have resulting from an investigation or inquiry into Plaintiff's background, including her employment, financial, criminal or medical history.

> **RESPONSE: None.**

**REQUEST NO. 15:** Produce a copy of each and every exhibit you intend to use at trial of this matter.

> **RESPONSE**: **Objection. Said request seek work product and the trial strategy of Defendant. Without waiving this objection, Defendant will comply with any order of this Court relating to the designation of exhibits for use at trial.**

**REQUEST NO. 16:** All charts, models, graphs, or other illustrations which Defendant's counsel intends to refer to during the trial of this action.

> **RESPONSE: Objection. Said request seek work product and the trial strategy of Defendant. Without waiving this objection, Defendant will comply with any order of this Court relating to the designation of exhibits for use at trial.**

**REQUEST NO. 17:** A copy of any document related in any way to the complaint or charge of disability discrimination filed against you by Plaintiff with the U.S. Equal Opportunity Commission, or any other state or local Fair Employment Agency.

> **RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence, as Plaintiff has not asserted a claim for disability discrimination. Subject to this objection, a copy of Plaintiff's Charge dual filed with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission and Defendant's Position Statement in response to the charge is produced herewith.**

**REQUEST NO. 18:** Your non-privileged internal communications, written or electronic, including but not limited to letters, notes, faxes or emails, concerning any facts or allegations in Plaintiff's Complaint and/or any facts, allegations or denials in your Answer.

> **RESPONSE**: *See* **documents produced with initial disclosures at BW-Finger 000001-000010, 000048.**

**REQUEST NO. 19:** Any and all documents that support any of your affirmative defenses.

> **RESPONSE**: **Objection, said request seeks information that protected by the attorney-client privilege and work product doctrine. Subject to this objection,** *see* **documents produced with initial disclosures at BW-Finger 000001-000011, 000218-000219, 000224-000231, 000331-000349, 000352-000371, 000372-000376, 000379-000380, 000385-000393, 000394-000430, and additional documents produced herewith.**

**REQUEST NO. 20:** For each expert you expect to testify at trial, produce his or her entire file concerning this matter, including but not limited to, all reports, memoranda, notes, measurements, drawings or other materials including photographs, videotapes, computer- generated materials (including simulations, etc.), any and all correspondence, including e-mail communications, electronic data and facsimiles, to and from others that he or she utilized in preparation of his or her expert opinion rendered in the above matter.

> **RESPONSE**: **Undetermined at this time.  Defendant will supplement.**

6

**REQUEST NO. 21:** For each expert you expect to testify at trial, produce a list of all the written works and/or publications he or she has authored that related to the subject matter on which he or she will testify to at this trial.

> **RESPONSE**: **Objection, said request is overbroad and beyond what is required by the Federal Rules of Civil Procedure and rules of this court. Defendant will comply with F.R.Civ.P. 26(a)(2).**

**REQUEST NO. 22:** Any and all articles, treatises, manuals, textbooks, abstract or other publications or materials which you or your experts contend are reliable and/or authoritative on any of the issues concerning this case.

> **RESPONSE**: **Objection, said request is overbroad and beyond what is required by the Federal Rules of Civil Procedure and rules of this court. Defendant will comply with F.R.Civ.P. 26(a)(2).**

**REQUEST NO. 23:** Any and all invoices, statements, bills or other materials reflecting the hours of work performed and the fees charged by any expert witness retained on behalf of the Defendant.

> **RESPONSE: Objection, said request is overbroad and beyond what is required by the Federal Rules of Civil Procedure and rules of this court. Defendant will comply with F.R.Civ.P. 26(a)(2).**

**REQUEST NO. 24:** Copies of any and all documents you receive in response to any subpoena issued in the above-captioned matter.

> **RESPONSE**: **None.**

**REQUEST NO. 25:** A copy of your file related to Plaintiff's workers' compensation injury of October 1, 2018.

> **RESPONSE**: **Objection, said Request seeks information protected by the attorney-client privilege, insurer/insured privilege, and work product doctrine. Subject to this objection, Bilfinger is producing responsive, non-privileged documents herewith.**

**REQUEST NO. 26:** Any and all written correspondence between you and your workers' compensation insurer related to Plaintiff's workers' compensation injury of October 1, 2018.

**RESPONSE**: **Objection, said request seeks information protected by the attorney-client privilege, insured/insurer privilege, and work product doctrine. Defendant further objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence.**

**REQUEST NO. 27:** Copies of any and all documents related to Plaintiff's hours worked, including but not limited to timecards, time clock records, computer login and sign-off data, phone records, security video and/or security gate data showing Plaintiff coming and going from the job site she worked at.

**RESPONSE:** *See* **documents produced with initial disclosures at BW-Finger 000050-000217, 000233-000330.**

**REQUEST NO. 28:** A complete copy of your employee and/or personnel file for Robert Hicks, Terry Hager, Chris Kanehl, Caleb Harris, Dave Larson, Michael Cooper, Wesley Buckland, David Hoff, Kayla Despres, Julian Chavez, Amanda Wyble and Michelle Fridley.

**RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Further, said request seeks confidential information of these individuals which invade their privacy.**

**REQUEST NO. 29:** A complete copy of your employee and/or personnel file for any employee, past or current, that you intend to call as a witness at trial.

**RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Subject to this objection, Defendant's witnesses are unknown at this time. If needed, Defendant will supplement. Further, said request seeks confidential information of these individuals which invade their privacy.**

**REQUEST NO. 30:** From May 1, 2018 to the present, your non-privileged internal communications, written or electronic, including but not limited to letters, notes, faxes or emails,

that are related to Plaintiff in any way and were either sent by or received by the following individuals:

a.    Robert Hicks

b.    Terry Hager

c.    Chris Kanehl

d.    Caleb Harris

e.    Dave Larson

f.    Michael Cooper

g.    Wesley Buckland

h.    David Hoff

i.    Kayla Despres

j.    Julian Chavez

k.    Amanda Wyble

l.    Michelle Fridley

**RESPONSE: Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Subject to this objection, *see* BW-Finger 000010, 000048-000049, 000218-000219, 000224-000231, 000233, 000327, 000329.**

**REQUEST NO. 31:** All of Plaintiff's emails, texts or other communications discussing any report or complaint of her work injury, safety violations, discrimination, harassment or retaliation.

**RESPONSE: Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Further, the scope of said Request is disproportionate to the needs of this case. Subject to these objections, for emails from the past five years, *see* BW-Finger 000224-000231.**

**REQUEST NO. 32:** All of Plaintiff's emails, texts or other communications discussing any complaints about the company violating state or federal laws.

        **RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Further, the scope of said Request is disproportionate to the needs of this case. Subject to these objections, none but Bilfinger will supplement with documents responsive to this Request.**

**REQUEST NO. 33:** All emails between Michelle Fridley and Robert Hicks sent from or received by their company issued email addresses.

        **RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Further, the scope of said Request is disproportionate to the needs of this case. Further, said request seeks confidential information of these individuals which invade their privacy**

**REQUEST NO. 34:** All text messages between Michelle Fridley and Robert Hicks sent from or received by their company issued or company paid mobile phones.

        **RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Further, the scope of said Request is disproportionate to the needs of this case. Further, said request seeks confidential information of these individuals which invade their privacy.**

**REQUEST NO. 35:** All emails about Michelle Fridley sent from or received by Robert Hicks on his company issued email address.

        **RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Further, the scope of said Request is disproportionate to the needs of this case. Further, said Request seeks confidential information of these individuals which invade their privacy.**

**REQUEST NO. 36:** Each and every Petition or Complaint filed in a court of any kind against you since 2018, involving the Americans with Disabilities Act, Title VII or retaliation, including retaliation for filing a workers' compensation claim.

> **RESPONSE**: O**bjection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Further, the scope of said Request is disproportionate to the needs of this case. Subject to these objections, Defendant is not aware of any such Petition or Complaint related to the above time frame.**

**REQUEST NO. 37:** All witness statements pertaining to any of the events which are the subject matter of this lawsuit.

> **RESPONSE**: **Objection, said request seeks information protected by the attorney client-privilege and work product doctrine. Subject to this objection, *see* documents produced with initial disclosures at BW-Finger 000001-000009; see also the audio interview files of Fridley and Hager produced herewith.**

**REQUEST NO. 38:** All documents Plaintiff or any other person/entity provided to you related to Plaintiff's work-related injuries, disabilities or medical conditions.

> **RESPONSE:** **Objection, said request seeks information protected by the attorney-client privilege and the insurer/insured privilege. Subject to these objections, see documents produced herewith.**

**REQUEST NO. 39:** From January 1, 2018 to January 1, 2020, all documents related to any employee at the same job site as Plaintiff and in the same job position as Plaintiff requesting and/or being denied reasonable accommodation under the Americans with Disabilities Act.

> **RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Plaintiff has not asserted a claim for disability discrimination and did not engage in the interactive process with Defendant. Subject to this objection, there are no documents related to any employee at the same job site in the same position being denied a reasonable accommodation under the Americans with Disabilities Act.**

**REQUEST NO. 40:** All workers' compensation injury reports for any employee working on Plaintiff's job site for the time period starting six months before Plaintiff's employment and ending six months after Plaintiff's last day of employment.

> **RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Objecting further, this request potentially seeks documents which invade the insurer/insured privilege.**

**REQUEST NO. 41:** All termination reports for any employee working on Plaintiff's job site for the time period starting six months before Plaintiff's employment and ending six months after Plaintiff's last day of employment.

> **RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Subject to these objections, see the Green Ocean Project Termination sheet produced herewith.**

**REQUEST NO. 42:** All documents you may use or refer to during depositions in this case.

> **RESPONSE**: **Objection, said request seek the strategy of counsel for the Defendant and calls for work product. Subject to this objection, Defendant will provide any documents that it marks as exhibits or refers to at a deposition.**

**REQUEST NO. 43:** All documents you have received pursuant to a release or authorization signed by the Plaintiff.

> **RESPONSE: None at this time. Defendant will supplement once documents have been received.**

**REQUEST NO. 44:** All documentation submitted to the Nebraska Equal Opportunity Commission regarding Plaintiff's charge of discrimination.

> **RESPONSE**: **A copy of Defendant's Position Statement in response to the charge and Defendant's response to the additional request for information are produced herewith.**

**REQUEST NO. 45:** All documentation submitted to the Nebraska Department of Labor regarding Plaintiff's application for unemployment compensation.

**RESPONSE**: **Bilfinger will supplement this response with responsive documents**.

**REQUEST NO. 46:** All documents reflecting the nature and value of all wages, salary and fringe benefits provided to the Plaintiff during her employment with Defendant. This should include any wage and benefit statement or summary created or provided to employees, as well as source documents indicating the value of wages and benefits or which show changes in the value of wages and benefits that Plaintiff received.

**RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Further, the scope of said Request is disproportionate to the needs of this case. Subject to these objections,** *see* **documents produced with initial disclosures at BW-Finger 000050-000217, 000220-000223, 000232.**

**REQUEST NO. 47:** Copies of any video or audio recordings of plaintiff as well as video or audio recordings that concern any of the issues in this litigation.

**RESPONSE**: **See the audio files of the interviews of Fridley and Hager produced herewith**.

**REQUEST NO. 48:** Copies of any documents related to any complaints, inquiries or investigations by any state government or regulatory agency related to your operations in any state from January 1, 2018 to January 1, 2020.

**RESPONSE**: **Objection. Defendant objects to this Request as it is overbroad, and requests information that is irrelevant, immaterial, and not calculated to lead to the discovery of admissible evidence. Further, the scope of said Request is disproportionate to the needs of this case. Subject to these objections, there were no complaints, inquiries, or investigations by state government or regulatory agencies at the Blair, Nebraska job site from January 1, 2018-January 1, 2020.**

13

**REQUEST NO. 49:** All documents or electronically stored information related to all of your job openings for a Materials Manager or Safety Manager in the United States from October 11, 2018 to July 11, 2019.

      **RESPONSE**: *See* **documents produced with initial disclosures at BW-Finger 000218.**

**REQUEST NO. 50:** All documents or electronically stored information related to any job opening Plaintiff applied from October 11, 2018 to July 11, 2019.

      **RESPONSE: None.**

**REQUEST NO. 51:** All documents or electronically stored information related to when your work at the Nebraska Cargill Plant where Plaintiff worked was completed.

      **RESPONSE: Objection. Defendant objects to this Request as it is vague, and ambiguous as to the phrase "related to when your work at the Nebraska Cargill Plant where Plaintiff was completed." Without more clarity, Defendant is unable to respond to this request.**

Dated: February 10, 2022

                                    */s/ Charles E. Reis, IV*
                                    Charles E. Reis, IV, Bar No. 32535MO
                                    creis@littler.com

                                    LITTLER MENDELSON, P.C.
                                    600 Washington Avenue
                                    Suite 900
                                    St. Louis, MO  63101
                                    Telephone:   314.659.2000
                                    Facsimile:    314.659.2099

                                    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2022, I electronically served the foregoing on opposing counsel via e-mail at the following address:

Jennifer Turco Meyer, #23760
Of Dyer Law, P.C., LLO
2611 S. 117th Street
Omaha, Nebraska 68144
Jennifer@dyerlaw.com

*Attorney for Plaintiff*

/s/ Charles E. Reis, IV

4880-2743-8854.5 / 094116-1001